UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MONROE VIGNA, JR.,

     Plaintiff,

v.                                 Case No: 8:16-cv-1607-T-23JSS

NEW YORK LIFE INSURANCE INC. and
RIVERSOURCE INSURANCE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on pro se Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 2.) For the reasons that follow, the Court recommends that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Plaintiff's Emergency Petition for Temporary/Permanent Injunctive Relief be denied.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In reviewing the complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Notwithstanding this less stringent standard, liberal construction cannot

serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (stating that while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). Additionally, pro se litigants must conform to procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. However, Plaintiff's Emergency Petition for Temporary/Permanent Injunctive Relief suffers from numerous deficiencies and, as a result, the undersigned recommends denial.

Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As such, the first step in an action is the filing of the complaint, and the court cannot address a motion for injunctive relief without the filing of a complaint. *See* M.D. Fla. Local R. 4.06(b)(1) (providing that an application for a preliminary injunction must follow the procedural requirements of Local Rule 4.05(b)(2), which requires that the application be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits). In this case, Plaintiff initiated this action by the filing of his petition and failed to file a complaint. Additionally, Plaintiff's petition fails to comply with Local Rule 4.06, which governs applications for preliminary injunctive relief, and fails to warrant the "emergency" designation. *See* M.D. Fla. Local R. 4.06(b)(1) (setting forth the procedural requirements for applications for a preliminary injunction); *Loren*, 309 F.3d at 1304 (stating that pro se litigants must conform to procedural rules).

Notwithstanding the above, Plaintiff fails to establish any of the essential elements of a preliminary or permanent injunction. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (providing that the movant bears the burden of persuasion as to each of the four prerequisites). To obtain a permanent injunction, the movant must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005). Similarly, a preliminary injunction is an "extraordinary and drastic remedy" granted only if the movant "clearly establishe[s]" each of the following elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

In the petition, Plaintiff alleges that Defendants, New York Life Insurance Inc. and RiverSource Insurance, "ha[ve] engaged in bad faith actions and discrimination of whom it arbitrarily deems to be suffering from mental illness" by terminating Plaintiff's benefits under his policy based on a preexisting condition, namely Plaintiff's mental illness. (Dkt. 1.) Plaintiff further alleges that he has been irreparably harmed by the termination of his benefits and the discriminatory actions of Defendants and requests a temporary or permanent injunction prohibiting Defendants from further harassing or discriminating against Plaintiff. (Dkt. 1.) However, Plaintiff's petition consists of bare legal conclusions unsupported by facts and fails to allege, and therefore cannot establish, any of the essential elements of injunctive relief.

Notably, as Plaintiff does not assert a cause of action due to the absence of a complaint, he has not established a substantial likelihood of success on the merits of his case.  *See U.S. Army Corps of Eng'rs*, 424 F.3d at 1134 ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint . . . [and] [t]o secure preliminary injunctive relief, a petitioner must demonstrate a substantial likelihood of prevailing on at least one of the causes of action he has asserted.").  Nor has he shown that he has prevailed in establishing the violation of a right asserted in his complaint, as required for a permanent injunction.  Indeed, Plaintiff does not even allege that he is likely to prevail on the merits of any cause of action.

Additionally, Plaintiff fails to establish that irreparable injury will occur in the future or that his alleged injury cannot be remedied by monetary damages.  *See id.* at 1133 (providing that "an injunction is limited to prospective relief" and "preventing irreparable harm in the future"); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies.").  Specifically, Plaintiff does not allege that Defendants are continuing, or threatening to continue, harassing or discriminating against him, nor does he allege specific facts to show that harm is either imminent or irreparable.  *See Siegel*, 234 F.3d at 1177 (rejecting the contention that a violation of constitutional rights always constitutes irreparable harm).  Rather, Plaintiff's alleged injury stems from Defendants' prior conduct in improperly terminating his benefits and his resulting financial difficulties, and he does not allege any future violations.  *See United States v. Oregon State Med. Soc.*, 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations."); *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [to establish irreparable injury.]").

As such, Plaintiff has failed to establish the necessary prerequisites to obtaining the requested injunctive relief.  Plaintiff has likewise failed to state a claim upon which relief can be granted.  Because Plaintiff failed to do so, he has not established the requirements to proceed *in forma pauperis*.  Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED**.

2. Plaintiff's Emergency Petition for Temporary/Permanent Injunctive Relief (Dkt. 1) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on June 21, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Party