UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MONROE VIGNA, JR.,

    Plaintiff,

v.                                              CASE NO. 8:16-cv-1607-T-23JSS

NEW YORK LIFE INSURANCE INC, et al.,

    Defendants.
_____/

**ORDER**

Instead of filing a complaint, Christopher Monroe Vigna, Jr., initiated this action by filing an "emergency petition" for injunctive relief against New York Life Insurance, Inc., and Riversource Insurance. Also, Vigna moves (Doc. 2) for leave to proceed *in forma pauperis*. A June 21, 2016 report (Doc. 5) recommends denying both the "petition" for injunctive relief and the motion for leave to proceed *in forma pauperis*. More than seventeen days has passed, and no party objects. Accordingly, the report and recommendation (Doc. 5) is **ADOPTED**. For the reasons stated in the June 21 report, Vigna's "petition" (Doc. 1) for injunctive relief and Vigna's motion (Doc. 2) for leave to proceed *in forma pauperis* are **DENIED**.

Under Rule 3, Federal Rules of Civil Procedure, a "civil action is commenced by filing a complaint." Vigna fails to file a complaint, and even if this order construes Vigna's "petition" for injunctive relief as a complaint, the "petition" fails to comply with either the Federal Rules of Civil Procedure or the Local Rules. For example, the "petition" violates Rule 8, Federal Rules of Civil Procedure, which states that a complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." By failing to plead Vigna's claims in numbered paragraphs and separate counts, the "petition" violates Rule 10, Federal Rules of Civil Procedure. Also, the "petition" violates Local Rule 1.05(a), which requires double-spacing; twelve-point font (thirteen-point is better); a 1.25-inch top, bottom, and left margin; and a 1- to 1.25-inch right margin.

Vigna is warned that litigation in federal court is difficult. Vigna's "petition" is incomprehensible and suffers from deficiencies, in addition to those noted in this order, that suggest the Vigna requires legal advice and assistance from a member of The Florida Bar. The court cannot assist a party, even a *pro se* party, in conducting a case. Vigna is strongly advised to consult a member of The Florida Bar.

No later than **JULY 28, 2016**, Vigna must file a complaint in accord with the Federal Rules of Civil Procedure and the Local Rules.  Failure to comply with this order will result in a dismissal without further notice.

ORDERED in Tampa, Florida, on July 11, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE